J-S75031-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANA ROSENBERGER | : | |
| | : | |
| Appellant | : | No. 932 WDA 2019 |

Appeal from the PCRA Order Entered June 6, 2019
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0001432-2009

BEFORE: STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:         FILED FEBRUARY 18, 2020

Dana Rosenberger (Rosenberger) appeals pro se from the order entered denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, in the Court of Common Pleas of Washington County (PCRA court). We affirm.

This case is a procedural quagmire due to Rosenberger's myriad pro se filings. We provide only the following pertinent factual background and procedural history from the PCRA court's March 27, 2019, and May 14, 2019 opinions and our independent review of the certified record. On February 5, 2010, Rosenberger pleaded guilty to Corruption of Minors, 18 Pa.C.S. § 6301(a)(1), and Indecent Assault of a Person Less Than 13 Years of Age, 18

_____

[*] Retired Senior Judge assigned to the Superior Court.

Pa.C.S. § 3126(a)(7). That same day, the court sentenced Rosenberger to an aggregate term of incarceration of not less than two and one-half nor more than ten years. The sentencing order also informed Rosenberger that he was required to comply with the registration requirements of Megan's Law. The court did not find him to be a sexually violent predator (SVP). No direct appeal was filed at that time.

On December 3, 2012, Rosenberger was notified that he would be subject to the registration requirements of the Sexual Offender's Registration and Notification Act (SORNA I), 42 Pa.C.S. §§ 9799.10-9799.41.

On April 25, 2014, the PCRA court reinstated Rosenberger's direct appeal rights after a hearing on his claim of ineffective assistance of counsel, and, on May 21, 2014, Rosenberger appealed. On August 4, 2015, this Court affirmed the judgment of sentence.[1] (See Commonwealth v. Rosenberger, 2015 WL 6736772, at *1 (Pa. Super. filed Aug. 4, 2015)). Rosenberger did not file a petition for allowance of appeal in our Supreme Court.

On May 9, 2016, Rosenberger filed a timely pro se first PCRA petition and appointed counsel filed a Turner/Finley[2] no-merit letter. The court filed

_____

[1] Rosenberger raised five issues that challenged his guilty plea, the denial of a Rule 600 motion, the failure to convene a grand jury, an amendment to the information, and his right to a jury trial. (See Rosenberger, supra at *1).

[2] See Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

a notice of intent to dismiss the petition without a hearing and later dismissed it. See Pa.R.Crim.P. 907(1). A panel of this Court affirmed the denial on August 17, 2018. (See Commonwealth v. Rosenberger, 2018 WL 3946341, at *5 (Pa. Super. filed Aug. 17, 2018)).

Rosenberger filed his second PCRA petition pro se on November 27, 2018,[3] challenging the application of SORNA to him. (See PCRA Petition, 11/27/19, at 3; Brief in Support of PCRA Relief, 11/20/19, at 1-6). On March 27, 2019, the PCRA court granted the petition and ordered that Rosenberger "shall not be required to register with the [PSP] for a lifetime upon his release from prison, rather only for a period of ten years[,]" because the retroactive application of SORNA's increased registration requirements violates the ex post facto clause of the United States and Pennsylvania Constitutions pursuant to Commonwealth v. Muniz, 164 A.3d 1189, 1223 (Pa. 2017). (Trial Court Order, 3/27/19, at 1; see id. at 7).

On April 23, 2019, Rosenberger filed a Motion for Reconsideration in which he argued that he should not be subject to any registration

_____

[3] Rosenberger filed his second PCRA petition on January 9, 2018. The PCRA court dismissed the petition for lack of jurisdiction because his appeal involving his first PCRA petition was pending in this Court, and advised that Rosenberger could filed a motion to reinstate the petition upon the appeal's resolution. (See Order, 2/13/18). After this Court decided the appeal, Rosenberger filed a motion to reinstate his second PCRA petition on November 20, 2018. The court reinstated it on November 27, 2018.

requirements because, since Megan's Law and SORNA I had been declared unconstitutional, there was no registration statute applicable to him. (See Third PCRA Petition (Motion for Reconsideration), 4/23/19, at 1-2). On May 14, 2019, the PCRA court issued an Order and Notice in which it denied reconsideration and treated Rosenberger's April 23, 2019 filing as a third PCRA petition.[4] (See Order and Notice, 5/14/19, at 1-3). The court notified Rosenberger of its intent to deny the third PCRA petition on the bases that it was untimely and lacked merit since SORNA II[5] applies to him. (See id.). On June 6, 2019, the court denied the petition. Rosenberger timely appealed.[6] (See Rosenberger's Brief, at 1).

Before we reach the merits of Rosenberger's appeal, we must consider whether his PCRA petition was timely. "It is well-settled that the PCRA's time restrictions are jurisdictional in nature. As such, this statutory time-bar implicates the [C]ourt's very power to adjudicate a controversy and prohibits

---

[4] "We have repeatedly held that . . . any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." Commonwealth v. Jackson, 30 A.3d 516, 521 (Pa. Super. 2011), appeal denied, 47 A.3d 845 (Pa. 2012) (citation omitted).

[5] 42 Pa.C.S. §§ 9799.10-9799.75.

[6] "Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." Commonwealth v. Saunders, ___ A.3d ___, 2020 WL 113401, at *2 (Pa. Super. filed Jan. 10, 2020) (citations and internal quotation marks omitted).

a court from extending filing periods except as the statute permits." Commonwealth v. Robinson, 139 A.3d 178, 185 (Pa. 2016) (citations omitted). Under the PCRA, any petition for relief must be filed within one year of the date on which the judgment of sentence becomes final. See 42 Pa.C.S. § 9545(b)(1). "A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." Robinson, supra at 185 (internal quotation marks and citation omitted).

Here, Rosenberger's judgment of sentence became final on September 4, 2015, after the thirty-day period to file a petition for review of this Court's order affirming his judgment of sentence expired. See 42 Pa.C.S. § 9545(b)(3). Therefore, he had until September 4, 2016, to file a timely PCRA petition. See 42 Pa.C.S. § 9545(b)(1). Because Rosenberger filed the instant petition on April 23, 2019, it is untimely on its face and the PCRA court lacked jurisdiction to review it, unless he pleaded and proved one of the statutory exceptions to the time-bar. See 42 Pa.C.S. § 9545(b)(1)(i)-(iii).[7] "If the

_____

[7] The three exceptions that allow for review of an untimely PCRA petition are limited to: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly recognized constitutional right. See 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

[PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed . . . because Pennsylvania courts are without jurisdiction to consider the merits of the petition." Commonwealth v. Jackson, 30 A.3d 516, 519 (Pa. Super. 2011), appeal denied, 47 A.3d 845 (Pa. 2012) (citation omitted).

Here, Rosenberger does not raise any timeliness exceptions. (See Rosenberger's Brief, at 1-12). Hence, this Court lacks jurisdiction to consider the merits of his appeal and we affirm the PCRA court's order denying his third petition.[8]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2020

_____

[8] To the extent that Rosenberger's argument can be interpreted as an attempt to avail himself of the newly recognized right exception to the PCRA's timeliness requirements based on Muniz and its progeny, it would fail. (See Rosenberger's Brief, at 11). Although Muniz held that the retroactive application of SORNA I violates the ex post facto clause, this Court has expressly held that Muniz does not satisfy the newly recognized constitutional right exception to the PCRA. See Commonwealth v. Murphy, 180 A.3d 402, 405-06 (Pa. Super. 2018).